O'BRIEN, BELLAND & BUSHINSKY, LLC
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire
      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, and JOINT APPRENTICESHIP TRAINING FUNDS for and on behalf of themselves and said FUNDS, and the BOARD OF TRUSTEES; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 400, 830 Bear Tavern Road West Trenton, New Jersey 08628<br><br>*Plaintiffs,*<br><br>v.<br><br>M-P SYSTEMS MAINTENANCE LLC<br><br>51 New Brunswick Avenue Hopelawn, New Jersey 08861<br><br>*Defendant.* | Civil Action No.:<br><br>COMPLAINT |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA of 1974, 29 U.S.C. § 1132 and § 1145 respectively, and Section 301 of the LMRA, 29 U.S.C. § 185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Funds are administered in the State of New Jersey, and the breach took place in New Jersey and Defendant maintained and/or maintains a principal place of business in the State of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds for and on behalf of themselves and said Funds and the Board of Trustees ("the Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose

2

of providing health benefits and other benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "Fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

8. The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, 08628.

9. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. Guy Peterson is the Business Manager of the Plaintiff International Brotherhood of Electrical Workers Local Union 400 (the "Union") and brings this action for dues checkoffs and other contributions in his representative capacity.

11. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

12. The Union maintains its principal place of business at 3301 Highway

3

138 East, Wall, New Jersey 07719.

13. Defendant, M-P Systems Maintenance LLC ("M-P Systems"), is referred to as "Defendant(s)" or "employer(s)" or "parties in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively and were and/or are employers in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

14. Upon information and belief, Defendant M-P Systems principal place of business was and/or is located at 51 New Brunswick Avenue, Hopelawn, New Jersey 08861.

15. Defendant M-P Systems conducted and/or conduct business in the State of New Jersey.

## COUNT ONE

16. The Funds incorporate the allegations in Paragraphs 1 through 15 of this Complaint as if set forth herein in their entirety.

17. At all times relevant hereto, Defendant M-P Systems was party to and/or agreed to abide by the terms and conditions of an Inside Agreement with the IBEW Local 400 ("the Union") or one or more local labor unions or district councils affiliated with the Union.

4

18. By virtue of the Inside Agreement, Defendant M-P Systems agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

19. An audit performed for the Funds for the period of January 1, 2012 through December 31, 2014 revealed delinquencies.

20. Payment of the delinquent contributions and penalties assessed against Defendant M-P Systems has been demanded by the Funds, but Defendant M-P Systems has refused to submit the required payment.

21. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

22. Defendant M-P Systems failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

23. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest,

liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant M-P Systems to pay all contributions due and owing to the Funds and the Union;

(B) Order Defendant M-P Systems to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant M-P Systems to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant M-P Systems to specifically perform all obligations to the Funds under the Inside Agreement;

(E) Order Defendant M-P Systems to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO
### Failure to Remit Dues Checkoffs

24. Plaintiffs repeat the allegations set forth in paragraphs 1- 23 as if fully set forth at length herein.

25. Defendant M-P Systems is signatory to, or has assented to, the Inside Agreement between the Union and the Union members.

26. Defendant M-P Systems violated the Inside Agreement by failing to remit dues check-offs and other contributions to the Plaintiff Union.

27. Payment of the dues check-off amounts have been demanded by the Union, but the Defendant M-P Systems had refused to submit the required payments

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A. Order Defendant M-P Systems to pay dues-checkoffs due and owing to the Plaintiff Union; and

B. Order such further legal, equitable or other relief as is just and proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
W. DANIEL FEEHAN, ESQUIRE
STEVEN J. BUSHINSKY, ESQUIRE

Dated: 6/5/18

7